# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KENNETH ROLFE GRIFFITHS,

    Appellant,

v.

UNITED STATES OF AMERICA,

    Appellee.

Case No. 2:12-CV-00589-KJD-CWH

**ORDER**

    Kenneth Rolfe Griffiths ("Griffiths") appeals the magistrate judge's decision below as error. The issue presented is whether the magistrate judge erred in deciding that the order at issue here was posted and made available to the public in accordance with Title 36, Code of Federal Regulations, Sections 261.51 and 261.54.

<u>I. Background</u>

    In January of 2012, a United States Forest Service Ranger was on routine patrol at approximately 7:00pm in the Humboldt-Toiyabe National Forest when he observed a vehicle traveling slowly and making frequent stops. The Ranger's training and experience suggested that these behaviors indicated an alcohol-impaired driver, and the Ranger subsequently stopped the vehicle. During the stop, the Ranger discovered that Griffiths' driver's license was suspended and that he had multiple active warrants, including several for driving on a suspended license. Griffiths

was then cited for violation of 36 C.F.R. § 261.54, which prohibits various activities, including "[o]perating a vehicle in violation of . . . other limitations specified by the order." 36 C.F.R. §261.54(d). One such limitation prohibits driving in Humboldt-Toiyabe National Forest on a suspended driver's license.

In April of 2012, the case went to trial and Magistrate Judge Hoffman found Griffiths guilty of the offense of driving on a suspended driver's license. A fine of $300 plus a special assessment of $35 were imposed. Griffiths here appeals.

II. Standard of Review

In reviewing a magistrate judge's decision, "the appropriate scope of the district court's review is the same as in an appeal to the court of appeals from a judgment entered by a district judge." United States v. Stanton, 501 F.3d 1093, 1099 (9th Cir. 2007) (internal quotation and citation omitted). Accordingly, conclusions of law are reviewed *de novo*, and factual findings for clear error. In re Jacobson, 676 F.3d 1193, 1198 (9th Cir. 2012).

III. Analysis

Griffiths argues that due process was violated because the order forming the basis for his citation was not posted in compliance with 36 C.F.R. §261.51. This Regulation states that:

> Posting is accomplished by:
> (a) Placing a copy of the order imposing each prohibition in the offices of the Forest Supervisor and District Ranger, or equivalent officer who have jurisdiction over the lands affected by the order, and
> (B) Displaying each prohibition imposed by an order in such locations and manner as to reasonably bring the prohibition to the attention of the public.

36 C.F.R. §261.51

Here, Griffiths concedes that subsection (a) is satisfied, as the order was posted "in the front desk office, district office and in the supervisor's office." (#9; 5:19-21). However, Griffiths argues that subsection (b) was violated despite the order being posted in the main office which is open to the public. The question before the Court then, is whether displaying the Order in main office, which is open to the public, "reasonably" brought the prohibition to the attention of the public.

1   The Government argues, as the Ranger testified at trial, that the length of the order, combined with the nature of Forest Service roads makes it "difficult" to post the order along the roadways. This, the Government argues, makes posting the order in certain Forest Service offices which are open to the public a reasonable measure to bring the prohibition to the attention of the public. Griffiths counters that he was traveling on a Saturday and after business hours, and that it is unreasonable to hold the public responsible for the prohibitions of the order which only available in certain offices on weekdays during normal business hours.

Despite the existence of more effective means of bringing the prohibition to the attention of the public[1], posting the order in Forest Service offices open to the public reasonably brings the prohibition to the attention of the public. Further, "[d]espite the fact that most citizens do not keep abreast of every statutory development, that statutes are published and available to the public in the first place means that citizens can fairly be charged with constructive notice of the laws that bind them." United States v. Vasarajs, 908 F.2d 443, 448 (9th Cir. 1990). The same is true of federal regulations which are "published and available" in the public offices of the Forest Service. Griffiths cannot seriously argue that he had no notice that driving on a suspended license was impermissible.

IV. Conclusion

Accordingly, the judgment of Magistrate Judge Hoffman is affirmed.

DATED this 23rd day of October 2013.

_____
Kent J. Dawson
United States District Judge

---

[1] There appears to be no reason that the order could not and should not be made available on the Humboldt-Toiyabe National Forest page of the United States Department of Agriculture, Forest Service website. Such posting would ensure that the prohibitions placed on the public are universally available.

3